UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLON L. SAPP,

    Petitioner,

vs.                                                           Case No. 6:09-cv-868-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Upon review of the petition, the Court notes that Petitioner's state court judgment of conviction is not yet final.[1] As such, Petitioner's habeas corpus petition is premature.

Title 28, United States Code, Section 2244(d) provides that:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Petitioner indicates that he pled no contest on May 12, 2009, and he has not yet been sentenced.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The time during which Petitioner's claims are pending in the state courts in a properly filed application for post-conviction relief or other request for collateral review is excluded from the one year period of limitation under 28 U.S.C. 2244(d)(1). Therefore, the Court will dismiss this action without prejudice to give Petitioner the opportunity to complete the exhaustion requirements in the state courts. *See Rose v. Lundy*, 455 U.S. 509 (1982). The Court notes, however, that the dismissal without prejudice with regard to exhaustion does not excuse Petitioner from the one year period of limitation for raising a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d). Accordingly, it is now

**ORDERED**:

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Orlando, Florida, this 22nd day of June, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/22
Marlon L. Sapp